

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2756 | **DATE** | 7/24/2002 |
| **CASE TITLE** | Maxson vs. Page | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  The petition for writ of habeas corpus is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 29 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 27 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| EF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES of AMERICA, ex rel. MARK MAXSON, | ) ) ) | **DOCKETED** |
| | ) | No. 99 C 2756    JUL 2 9 2002 |
| Petitioner, | ) | |
| | ) | HONORABLE CHARLES R. NORGLE |
| vs. | ) | |
| | ) | |
| THOMAS F. PAGE, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge:

Before the court is Mark Maxson's petition for writ of habeas corpus under 28 U.S.C. § 2254.

For the following reasons, the petition is denied.

## I.  BACKGROUND

A jury in Cook County, Illinois convicted Maxson for the first degree murder and aggravated

criminal sexual assault of a six year old boy.  The facts at trial demonstrated that Maxson bought a

bag of potato chips for the victim, and lured him to an abandoned garage.  Once in the garage,

Maxson smoked cocaine, twice sexually assaulted the victim, and murdered him.

Maxson came to the attention of Chicago police detectives investigating the crime when one

of the detectives saw a televised interview that Maxson gave to a reporter, where Maxson provided

information about the victim.  Detectives located Maxson, and asked him if he would be willing to

give a statement and cooperate in the investigation.  Maxson agreed, and accompanied detectives

to a police station.  Eventually, Maxson provided numerous forensic samples and gave a detailed

confession to the crime.



Maxson was convicted and sentenced to natural life for murder and 50 years concurrent time for aggravated criminal sexual assault. On direct appeal, the Illinois Appellate Court affirmed both convictions and the life sentence, but vacated and remanded the 50 year sentence for criminal sexual assault. On remand, Maxson received a consecutive 25 year sentence on the sexual assault conviction.

Thereafter, Maxson filed a pro se post-conviction petition pursuant to Illinois law. Maxson raised numerous issues that the Circuit Court of Cook County rejected as without merit or as barred by res judicata or waiver. Maxson claims to have filed a notice of appeal from the denial of his post-conviction petition, but admits that he never filed a brief with the Illinois Appellate Court. Maxson also admits that he never sought relief from the Illinois Supreme Court for any of the issues raised in his post-conviction petition.

Maxson now seeks federal habeas relief, raising the following issues: (1) the Illinois courts erred in denying his motion to quash his arrest and suppress his statements; (2) ineffective assistance of trial counsel; (3) the trial court conducted an improper investigation of the crime scene; (4) improper closing argument by the state; (5) a denial of records; and (6) the facts were inconsistent with his confession. Respondent counters that the claim concerning Maxson's motion to quash and suppress cannot provide habeas relief, and that Maxson procedurally defaulted all of his other claims.

## II. DISCUSSION

### A. Standard of Review:

Maxson's case is governed by 28 U.S.C. § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). Section 2254 sets a high hurdle for habeas relief. The statute states:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Williams v. Taylor, 120 S. Ct. 1495, 1516-23 (2000) (opinion of

O'Connor, J., analyzing the meaning of § 2254).

Importantly for this case, § 2254 requires a habeas petitioner to exhaust the remedies

available in state court prior to pursuing federal habeas relief. See 28 U.S.C. § 2254(b)(1)(A); see

also O'Sullivan v. Boerckel, 526 U.S. 838, 842-43 (1999); Spreitzer v. Schomig, 219 F.3d 639, 644-

45 (7th Cir. 2000). The exhaustion requirement extends to all levels of relief that is available under

state law. See O'Sullivan, 526 U.S. at 846-48. Thus, to preserve claims for federal habeas review,

a petitioner is required on direct appeal to seek all appeals of right and all discretionary review

available under state law. See id. This same rule applies to state post-conviction proceedings, so

that a failure to pursue all appellate remedies during state sanctioned collateral proceedings will bar

federal relief. See Picard v. Connor, 404 U.S. 270, 275-76 (1971) (discussing the need for federal-

state comity that underlies the exhaustion requirement); Wilkinson v. Cowan, 231 F.3d 347, 350 (7th

Cir. 2000) (collecting authority noting that failure to appeal from denial of a post-conviction petition

normally bars federal review); Spreitzer, 219 F.3d at 644-45 (analyzing exhaustion of claims);

3

Momient-El v. DeTella, 118 F.3d 535, 540-41 (7th Cir. 1997) (noting that failure to appeal the denial of post-conviction claims results in procedural default).

Federal courts may review defaulted claims only if: (1) the petitioner shows cause for failure to raise the claim, and actual prejudice resulting therefrom; or (2) refusal to consider the defaulted claim would result in a fundamental miscarriage of justice, where a constitutional violation has resulted in the conviction of one who is actually innocent. See Edwards v. Carpenter, 529 U.S. 446, 120 S. Ct. 1587, 1591 (2000); Spreitzer, 219 F.3d at 647-48; Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir. 1999) (citing cases). With these principles in mind, the court examines Maxson's petition.

**B.   Maxson's Petition:**

As Respondent argues, all of Maxson's claims are barred from federal habeas review. First, Maxson's claim that the trial court erred in denying his motion to quash his arrest and suppress his statement is barred by Stone v. Powell, 428 U.S. 465 (1976) and its progeny. Second, Maxson failed to appeal from the denial of his post-conviction petition, resulting in a procedural default of all remaining claims.

**1.   Stone v. Powell:**

Maxson argues that the state court should have suppressed his confession because it was the fruit of his allegedly illegal detention. The trial court held a suppression hearing on the issue, where the court heard testimony from two detectives and Maxson. The court denied Maxson's motion, finding that Maxson voluntarily went with detectives to the police station and voluntarily remained there during the investigation. The Illinois Appellate Court reviewed the suppression hearing under both federal and Illinois law, and affirmed the trial court's decision. Maxson argues that the Illinois courts' determination of the motion to suppress was wrong and requires relief under § 2254.

4

In Stone v. Powell, the United States Supreme Court held that habeas relief is not available for claims involving the Fourth Amendment's exclusionary rule. 428 U.S. at 495. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. Writing for the Seventh Circuit, Judge Easterbrook recently reiterated that Stone's rationale is based on the minimal police deterrence effect that would result from applying the exclusionary rule to habeas proceedings. See Hampton v. Wyant, -- F.3d --, 2002 WL 1466216, at *2-4 (7th Cir. July 9, 2002).

Stone v. Powell does not say what constitutes an opportunity for full and fair litigation, but the Seventh Circuit has developed a three part test to analyze the issue. See Weber v. Murphy, 15 F.3d 691, 694 (7th Cir. 1994) (citing Pierson v. O'Leary, 959 F.2d 1385, 1391 (7th Cir. 1992)). A petitioner has had a full and fair opportunity to litigate a Fourth Amendment claim if: (1) the petitioner clearly informed the state court of the factual basis for the claim and argued that those facts violate his Fourth Amendment rights; (2) the state court carefully and thoroughly analyzed the facts; and (3) the state court applied the proper constitutional case law to the case. See Weber, 15 F.3d at 694; see also Turentine v. Miller, 80 F.3d 222, 224-26 (7th Cir. 1996) (noting a split of authority among the Circuit Courts of Appeals on the test for full and fair litigation, and affirming the analysis of Weber). Consistent with Stone v. Powell, this inquiry allows relief only in cases of egregious error, such as where "state judges have closed their ears and minds to argument." Hampton, 2002 WL 1466216, at *4; see also Turentine, 80 F.3d at 226 ("habeas review of Fourth Amendment claims is reserved for instances where the state court made an egregious error . . . thus effectively depriving the petitioner of the ability to vindicate his federal rights in state court.").

5

Maxson fails to demonstrate that this claim falls outside of Stone v. Powell. Indeed, Maxson acknowledges that the state courts were presented with the operative facts, and analyzed those facts under Fourth Amendment jurisprudence. Maxson attacks the merits of the state court rulings, and asserts that those rulings qualify for relief under the standards of § 2554, asserting that the decisions were contrary to or an unreasonable application of federal Supreme Court precedent. Maxson's argument, however, does not demonstrate that the state courts deprived him of the opportunity to litigate the claims. See Hampton, 2002 WL 1466216, at *4; Turentine, 80 F.3d at 224-26; Weber, 15 F.3d at 694; Pierson, 959 F.2d at 1391; compare Rivera v. Page, No. 97 C 8381, 1998 WL 698913, at *3-4 (N.D. Ill. Oct. 2, 1998) (citing Stone v. Powell, and refusing to consider an attack on the merits of a Fourth Amendment claim on a habeas petition). And, the record demonstrates that Maxson had ample opportunity to argue his motion to the Illinois courts. The trial court held a hearing on the issue and weighed the testimony of Maxson and two detectives involved in the investigation. On direct appeal, the Illinois Appellate Court scrutinized the record and affirmed the trial court's decision to deny Maxson's motion. These facts demonstrate that the Illinois courts gave consideration to Maxson's Fourth Amendment arguments, and did not commit the egregious error necessary to fall outside of the rule of Stone v. Powell. Accordingly, Maxson's Fourth Amendment claims are not cognizable for federal habeas relief.

## 2. Procedural Default:

Maxson did not submit an appeal to the Illinois Appellate Court or the Illinois Supreme Court after the denial of his post-conviction petition. As explained above, Maxson's failure to do so bars federal habeas review, unless he can demonstrate cause and prejudice or a fundamental miscarriage of justice. See O'Sullivan, 526 U.S. at 846-48 (discussing procedural default); Picard, 404 U.S. at

6

275-76; Spreitzer, 219 F.3d at 644-45; Momient-El, 118 F.3d at 540-41; see also Edwards, 120 S.
Ct. at 1591 (discussing the cause and prejudice and fundamental miscarriage of justice exceptions).

Maxson presents no evidence of cause and prejudice or a fundamental miscarriage of justice.
Maxson makes the strange assertion that his counsel on direct appeal, although a zealous advocate,
was ineffective, which he submits as evidence of cause for failing to appeal the denial of post-
conviction relief. This argument is patently without merit, because Maxson represented himself
during post-conviction proceedings. Maxson cannot blame his own failure to appeal the denial of
his post-conviction petition on the purported ineffectiveness of counsel on direct appeal.

As for the fundamental miscarriage of justice exception, Maxson must present evidence of
his actual innocence. Edwards, 120 S. Ct. at 1591; Spreitzer, 219 F.3d at 647-48; Rodriguez, 193
F.3d at 917. Maxson fails to do so. He makes an ipse dixit statement that he is actually innocent,
but offers no evidence in support. The court's review of the record shows a strong case against
Maxson. Eyewitnesses testified that they saw Maxson with the victim prior to the assault and
murder, and Maxson provided a detailed confession to the crimes. A jury heard the facts and found
Maxson guilty, and not one of the Illinois courts that has examined the case questioned his actual
innocence. Accordingly, Maxson has procedurally defaulted all of his habeas claims, and presents
nothing to exempt him from default.

## III.    CONCLUSION

For the foregoing reasons, the court denies Maxson's application for a writ of habeas corpus

under 28 U.S.C. § 2254.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 7-24-02